UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO ALONSO MORALES HIDALGO (A-Number: 232-052-324),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY,<br><br>Respondent. | Case No. 1:26-cv-6670-DC-JDP<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Eduardo Alonso Morales Hidalgo entered the United States in June 2022 with a visitor visa. He was detained by ICE on August 7, 2026. Petitioner, proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241. For the following reasons, I recommend that the petition be granted and that petitioner be immediately released.

**Background**

On June 21, 2022, petitioner was admitted to the United States as a visitor with a B2 visa. ECF No. 1 at 11; ECF No. 9-2 at 2. On November 26, 2022, petitioner filed an application for asylum and withholding of removal. ECF No. 1 at 2, 15. Petitioner's visitor visa expired on December 20, 2022. ECF No. 9-2 at 2. Petitioner remained in the United States after that date and, on November 19, 2024, received employment authorization based on his pending asylum application. ECF No. 1 at 2, 18. Petitioner owns a home with his wife in Utah, where they live

with their 13- and 19-year-old children. ECF No. 2 at 5, 35. He worked as a full-time technician for E2 Optics. ECF No. 1 at 27, 29; ECF No. 2 at 5. This work required petitioner to travel for work assignments, including on projects outside Utah. ECF No. 2 at 5.

Immigration authorities detained petitioner on August 7, 2026, at the Salt Lake City airport, when he returned from a work trip on a domestic flight. ECF No. 1 at 4; ECF No. 9-2 at 2. ICE agents conducted background checks on petitioner and found no wants, warrants, or lookouts, and no criminal history. *Id.* An immigration officer determined that petitioner would be detained. ECF No. 9-3 at 1. Petitioner requested a custody determination hearing before an immigration judge. *Id.* A bond hearing was set for September 14, 2026, but petitioner requested additional time, so the bond request was "considered withdrawn without prejudice." ECF No. 11-1 at 1. The immigration court noted that petitioner may "re-request when ready as long as there is a live claim pending." *Id.* The court also stated that petitioner "is designated as an arriving alien." *Id.* Respondent states that petitioner is being mandatorily detained under 8 U.S.C. § 1225(b)(2)(A). ECF No. 9 at 1.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner claims that his mandatory detention pursuant to 8 U.S.C. § 1225(b) violates the Immigration and Nationality Act. ECF No. 1 at 4. Respondent states that petitioner is properly

detained under 8 U.S.C. § 1225(b)(2)(A), which does not provide petitioner the right to a bond hearing. ECF No. 9 at 1. Respondent also states that since petitioner has been told that he may nonetheless obtain a bond hearing in immigration court, he must exhaust that administrative remedy before this habeas petition may be decided. *Id.* at 2-3.

First, I note that the detention authority of section 1225(b)(2)(A) does not square with the facts of petitioner's 2022 admission into the United States with a B2 visitor visa. *See* ECF No. 1 at 11; ECF No. 9-2 at 2. By its terms, section 1225(b)(2)(A) applies to an "applicant for admission" and requires detention of an immigrant who is "seeking admission" and who is "not clearly and beyond a doubt entitled to be admitted." At the time of his arrest at the Salt Lake City airport in August 2026, petitioner was neither an "applicant for admission" nor was he "seeking admission"; he had been admitted four years earlier. Rather, petitioner was returning on a domestic flight from a trip for work. ECF No. 2 at 5. Accordingly, petitioner's designation by the immigration court as an "arriving alien," *see* ECF No. 11-1 at 1, appears incorrect on the facts of his case.[1] *See* 8 U.S.C. § 1225(b).

The government's position that petitioner must exhaust administrative remedies by obtaining a bond hearing is undermined by its confirmation, *see* ECF No. 9 at 2-3, that petitioner is being detained under section 1225(b)(2)(A), a section that does not provide authority for an immigration judge to conduct a bond hearing. In *Matter of Yajure Hurtado*, the BIA held that immigration judges lack jurisdiction to hear a request for bond where a noncitizen is detained under section 1225(b)(2)(A). 29 I. & N. Dec. at 228-29. The BIA also stated that "[a]n Immigration Judge is also without authority to conduct a custody redetermination hearing for an arriving alien. . . ." *Id.* at 217 n.3. Given that respondent is detaining petitioner under section 1225(b)(2)(A) and that the immigration judge designed him an "arriving alien," an immigration judge does not have jurisdiction to conduct a bond hearing. *See id.*

Even if petitioner were theoretically able to obtain a bond hearing in immigration court, in

---

[1] Respondent concedes that the use of this authority to mandatorily detain immigrants stopped by ICE within the United States has been rejected by the Court of Appeals in *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026). Because the mandate has yet to issue, the court takes advisory notice of this ruling. *See* Fed. R. App. Pro. 41.

contravention of section 1225(b)(2)(A) and despite his erroneous designation as an "arriving alien," this does not mean that he must exhaust that avenue. "The exhaustion requirement is prudential, rather than jurisdictional, for habeas claims." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). To decide whether exhaustion is required, courts consider the *Puga* factors, evaluating whether: (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review. *Id*. (quoting *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)).

Given that the government maintains that petitioner is mandatorily detained under section 1225(b)(2)(A), I cannot find that there is any administrative remedy for his wrongful detention under that provision. "Here, because the government argues petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b), petitioner would lack the recourse through statutory or administrative means because the government's assertion of § 1225(b) detention means petitioner has no statutory right to a bond hearing under § 1225(b) during his detention." *Lin v. Warden, Golden State Annex*, No. 1:26-CV-0608-DC-CSK, 2026 WL 773402, at *3 (E.D. Cal. Mar. 19, 2026). Petitioner is not deliberately bypassing the administrative scheme, because the scheme does not entitle him to a bond hearing. In these circumstances, waiver of the prudential exhaustion requirement is appropriate. *Id.*

Turning to the, petitioner's mandatory detention under 8 U.S.C. § 1225(b)(2)(A) violates the Immigration and Nationality Act in two ways. First, as discussed above, petitioner was admitted into the United States in June 2022, and thus section 1225 does not apply to him. Second, *Rodriguez* holds that section 1225(b) does not apply to immigrants arrested within the United States after living here for years, as they are not "seeking admission." *Rodriguez Vazquez*, 183 F.4th at 1165.

Given this finding, I must determine the appropriate remedy. Petitioner seeks immediate release. ECF No. 1 at 7. Respondent indicates that petitioner's remedy is a bond hearing. ECF

No. 9 at 3.

The Supreme Court has recognized that "[h]abeas is at its core a remedy for unlawful executive detention," and the "typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008); *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure *release* from unlawful detention."). Where the government has erroneously applied section 1225(b) to a petitioner, courts have ordered immediate release. *See Morillo v. Albarran*, No. 1:25-cv-1533-DJC-AC, 2025 WL 3190899, at *5 (E.D. Cal. Nov. 15, 2025); *Cortes Cortes v. Warden of the Golden State Annex Det. Facility*, No. 1:26-cv-6609-DC-JDP, 2026 WL 2494984, at * 3 (E.D. Cal. Aug. 25, 2026); *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-5661-DAD-SCR, 2026 WL 2294963 (E.D. Cal. Aug. 10, 2026).

Petitioner has no criminal history. *See* ECF No. 9-2 at 2. He has a steady job, with supportive employers who are able to continue his employment should he be released from custody. ECF No. 1 at 27, 29-31, 33. He has the support of his family and community members, who have written letters advocating for his release. *Id.* at 37-49. Petitioner has a pending asylum petition and work authorization. *Id.* at 15, 18. ICE did not take petitioner into custody based on an arrest or any prescribed changes in circumstance. On this record, I recommend that petitioner be immediately released from ICE custody.

**Conclusion**

Accordingly, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

2. Respondent be ordered to immediately release petitioner (A-Number: 232-052-324) from its custody. If the government seeks to re-detain petitioner, it must provide no less than seven days' notice to petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter in accordance with 8 U.S.C. § 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered. This order does not address the circumstances in which respondent may detain petitioner in the event petitioner becomes subject to an executable final order of removal.

3. The Clerk of Court be directed to serve Central Valley Annex Detention Facility with a copy of this order.

4. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within three days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within three days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: September 25, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE